```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

ELEANOR ABRAHAM, et al.          :        CIVIL ACTION
                                 :
          v.                     :
                                 :
ST. CROIX RENAISSANCE GROUP,     :
L.L.L.P.                         :        NO. 12-11
```

MEMORANDUM

Bartle, J.                                              December 7, 2012

Four hundred fifty-nine plaintiffs originally filed this action in the Superior Court of the Virgin Islands against defendant St. Croix Renaissance Group, L.L.L.P. ("SCRG"). Plaintiffs claim personal injury and property damage arising out of the alleged emission of hazardous materials including bauxite residue (red mud and red dust), coal dust, and friable asbestos from SCRG's property on St. Croix into the adjoining neighborhoods over a period of years. They allege that SCRG has maintained an abnormally dangerous condition, that its conduct has constituted a public nuisance, a private nuisance, and negligence, and that its actions have resulted in intentional and negligent infliction of emotional distress. Compensatory and punitive damages as well as injunctive relief are sought.

SCRG timely removed the action to this court on the ground that this is a mass action for which diversity subject matter jurisdiction exists under the Class Action Fairness Act

("CAFA"), 42 U.S.C. § 1332(d). Pending before the court is the plaintiffs' motion to remand.

Preliminarily, we note that under CAFA, the requirement of complete diversity has been relaxed. Only one plaintiff and one defendant must be of diverse citizenship. 28 U.S.C. § 1332(d)(2). In addition, for purposes of CAFA, the citizenship of an unincorporated association is determined like that of a corporation. We need only consider the state in which the unincorporated association was organized and where it has its principal place of business. 28 U.S.C. § 1332(d)(10). We do not equate its citizenship, for present purposes, with the citizenship of each of its partners or members. See Carden v. Arkoma Assoc., 494 U.S. 185 (1990); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.2d 412 (3d Cir. 2010); Swiger v. Allegheny Energy, Inc., 540 F.3d 179 (3d Cir. 2008).

SCRG is an unincorporated association. It is a limited liability limited partnership organized under the laws of the state of Delaware with its principal place of business in the Commonwealth of Massachusetts under the "nerve center" test. See Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010). Most plaintiffs are citizens of the Virgin Islands while the remainder are citizens of a number of different states. Since all plaintiffs do not have to be of diverse citizenship from all defendants, the fact that several plaintiffs are citizens of Massachusetts is of no moment for jurisdictional purposes.

With respect to the jurisdictional amount of $75,000 exclusive of interest and costs, however, any plaintiff in a mass action who does not meet this threshold must be dismissed.  28 U.S.C. § 1332(d)(11)(b)(i).  Defendant is not contesting this aspect of subject matter jurisdiction as to any plaintiff.

To be a removable mass action, it must meet the criteria for class actions set forth in 28 U.S.C. § 1332(d)(2) through (10) as well as the following:

> **(B)(i)**  As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

Section 1332(d)(11)(B)(ii) then excepts certain civil actions from this definition.  In support of their motion to remand, plaintiffs rely on the exclusion found in § 1332(d)(11)(B)(ii)(I) for civil actions in which –

> **(I)**  all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State[1];

The plaintiffs, who are the parties seeking to remand, have the burden of establishing this exception.  <u>Kaufman v. Allstate</u>, 561 F.3d 144, 153 (3d Cir. 2009).

---

1.  The word <u>States</u> in the statute includes Territories such as the Virgin Islands.  28 U.S.C. § 1332(e).

Plaintiffs maintain that all the claims arise from "an event or occurrence" in the Virgin Islands and that all injuries resulted there. SCRG counters that the exception does not apply since there was more than one event or occurrence and that such events or occurrences took place over a number of years.

The amended complaint recites that since 2002 SCRG has owned an industrial property in St. Croix that was once occupied by an alumina refinery. Alumina is extracted from an ore known as bauxite. A large volume of bauxite residue, a hazardous material called red mud or red dust, remained in huge piles on the property after SCRG's purchase. Since 1995, when Hurricane Marilyn struck and "continuously" thereafter, the bauxite residue has blown over the neighboring areas containing residential dwellings and caused personal injuries and property damage, including contamination of cisterns which are the primary source of potable water for many plaintiffs. In addition, the amended complaint alleges that plaintiffs have been exposed to friable asbestos emanating from SCRG's property. The asbestos is said to have been present in the buildings left by the predecessor owners, and SCRG has done nothing to contain this toxic material since it became the owner of the property in 2002.

The question presented is whether the allegations as pleaded concerning the continual release of red mud, red dust, and coal dust as well as the friable asbestos over a period of years fit within the meaning of "an event or occurrence" as set forth in § 1332(d)(11)(B)(ii)(I).

SCRG, in opposition to plaintiffs' motion to remand, relies on several cases where the court has retained jurisdiction over a mass action because plaintiffs failed to establish that the claims arose out of "an event of occurrence."  In Galstaldi v. Sunvest Communities USA, LLC, 256 F.R.D. 673 (S.D. Fla. 2009), the defendants allegedly defrauded a number of different buyers in connection with a series of sales of condominium units.  The sales took place during 2006 and 2007.  The court found that "an event or occurrence" exception to CAFA did not apply and thus retained jurisdiction.  As it explained, "[b]ecause the facts alleged involved numerous sales to numerous parties over a period of approximately one and one-half years, the single occurrence exception is inapplicable."  Id. at 676.

Defendant also cites Aburto v. Midland Credit Management, Inc., No. 08-1473, 2009 WL 2252518 (N.D. Tex. July 27, 2009).  There, a group of 154 plaintiffs sued a number of defendants including a credit management company as well as its lawyers and law firms for unlawful debt collection practices.  In concluding that CAFA's "an event or occurrence" exception did not apply, it reasoned that many occurrences had taken place as the plaintiffs were complaining about numerous underlying lawsuits brought against them at different times, by many different law firms and lawyers, and in many different Texas state courts.  Id. at *4.

Plaintiffs, in support of their motion to remand, focus on this court's recent decision in Abednego v. Alcoa, No. 10-9,

2011 U.S. Dist. LEXIS 27892 (D.V.I. Mar. 17, 2011). There, a number of plaintiffs sued the defendant in the Virgin Islands Superior Court for physical injuries and property damage allegedly caused by the release of various hazardous substances from the defendant's alumina refinery on St. Croix as a result of Hurricane Georges. The defendants removed the lawsuit under CAFA on the ground that it was a mass action. This court remanded. It concluded that the personal injury and property damage claims arose out of a single "event or occurrence," that is, Hurricane Georges, which traversed St. Croix on September 21, 1998. As such, the action fit within the exception to jurisdiction under § 1332(d)(11)(B)(ii)(I) of CAFA.

The present case is also similar to Allen v. Monsanto Co., No. 09-471, 2010 WL 8752873 (N.D. Fla. Feb. 1, 2010), where the plaintiffs alleged that the defendants actively used toxic chemicals in the manufacturing process at their plant in Florida and allowed those chemicals to be released into the Escambia River over a period of forty years. The court, in granting plaintiffs' motion to remand, concluded that the environmental tort constituted "an event or occurrence" for the purpose of the CAFA mass action exception notwithstanding the fact that the contamination allegedly occurred over a long period of time:

> At least superficially speaking, the case involves the simple, singular matter of the release of... toxins into the local waterway... that this event is alleged to have been ongoing does not thereby "pluralize" the event or occurrence. It is not required that the event be an indivisible

>     or irreducible unit.  If that were the case,
>     it would be difficult to see virtually any
>     situation as a singular event... so long as
>     the event is relatively uniform and ongoing
>     in nature and is not interrupted by some
>     other interceding event of sufficient weight
>     or importance, it remains a single event or
>     occurrence....

Id. at *29-30 (emphasis added).

The present action involves allegedly continuing environmental damage.  According to the amended complaint, bauxite residue and friable asbestos have been blowing "continuously" for many years from SCRG's property on St. Croix onto neighboring land.  The Senate Judiciary Committee Report on CAFA contained the following relevant analysis:

>     The purpose of this exception [for "an event
>     or occurrence"] was to allow cases involving
>     environmental torts such as a chemical spill
>     to remain in state court if both the event
>     and the injuries were truly local, even
>     though there are some out-of-state
>     defendants.  By contrast, this exception
>     would not apply to a product liability or
>     insurance case.  The sale of a product to
>     different people does not qualify as an
>     event.

S. Rep. 109-14, at 47 (2005).  The present action, like Abednego and Allen, involves an environmental tort.  It contrasts with Gastaldi and Aburto which alleged a series of separate and independent non-environmental occurrences involving different people with no continuity between or among those occurrences.

The word event in our view is not always confined to a discrete happening that occurs over a short time span such as a fire, explosion, hurricane, or chemical spill.  For example, one

-7-

can speak of the Civil War as a defining event in American history, even though it took place over a four-year period and involved many battles. We think that an _event_, as used in CAFA, encompasses a continuing tort[2] which results in a regular or continuous release of toxic or hazardous chemicals, as allegedly is occurring here, and where there is no superseding occurrence or significant interruption that breaks the chain of causation. A very narrow interpretation of the word _event_ as advocated by SCRG would undermine the intent of Congress to allow the state or territorial courts to adjudicate claims involving truly localized environmental torts with localized injuries. We see no reason to distinguish between a discrete happening, such as a chemical spill causing immediate environmental damage, and one of a continuing nature, such as is at issue here. The allegations in the amended complaint clearly fit within the meaning of an _event_ as found in CAFA.

        The plaintiffs' amended complaint does not qualify as a mass action under 28 U.S.C. § 1332(d)(11)(B)(ii)(I) because all the claims arise from an event or occurrence, that is, the continuous release of toxic substances from a single facility located in the Virgin Islands, where the resulting injuries are confined to the Virgin Islands.

        The action will be remanded to the Superior Court of the Virgin Islands.

---

2. The concept of a continuing tort is well established. _See_, _e.g._, Restatement (Second) of Torts § 161 cmt. b (1965).